UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COVINGTON SPECIALITY INSURANCE
COMPANY,

       Plaintiff,                               Case No. 21-11541

v.                                               HON. MARK A. GOLDSMITH

RODNEY'S LOFT, INC. et al.,

       Defendants.
_____/

**OPINION & ORDER**
**GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 20)**

The matter before the Court is Plaintiff Covington Specialty Insurance Company's motion for judgment on the pleadings (Dkt. 20). Covington seeks a judicial determination that it has no duty to defend or indemnify (i) Defendant nightclub Rodney's Loft, Inc. (The Loft)—which Covington provided with an insurance policy—or (ii) Defendant Allyne Hall, a security guard employed by The Loft, for damages in a lawsuit brought against The Loft and Hall by Defendant Devon Townsend. For the reasons that follow, the Court grants Covington's motion.[1]

---

[1] Townsend filed his action against The Loft and Hall in the Circuit Court for the County of Genesee, Michigan as the personal representative for the estate of Dequintez Watkins. See Case No. 2020-115016 Compl. (Dkt. 1-2). Covington named Townsend as a Defendant in this action because Covington views him as a necessary party under Federal Rule of Civil Procedure 19. Compl. ¶ 13 (Dkt. 1).

Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Covington's supplemental brief in support of its motion (Dkt. 21); The Loft's response (Dkt. 27); Townsend's response, which also contains his separately paginated brief in support of his response (Dkt. 28); Covington's reply (Dkt. 29); and Covington's memorandum of law in support of its reply (Dkt. 32).

1

## I. BACKGROUND

Townsend brought suit as the personal representative for the estate of Watkins against Hall, The Loft, and an unnamed security company. See Case No. 2020-115016 Compl. Townsend alleges that Hall was employed as a security guard for The Loft, a nightclub located in Flint, Michigan. Id. ¶¶ 3–4, 12. Townsend claims that Watkins was present at The Loft when a fight broke out between two female patrons. Id. ¶¶ 10–11. Hall attempted to end the fight by discharging a firearm into the air. Id. ¶ 12. The shot hit Watkins and resulted in his death. Id. Townsend brings claims for negligence and gross negligence against Hall, The Loft, and the unnamed security company he believes may also employ Hall. Id. ¶¶ 19–35.

Covington brought the present action in this Court to request declaratory judgment. See Compl. Covington is an insurance company that issued a commercial general liability policy to The Loft. Id. ¶ 1; see also Policy (Dkt. 1-1). Covington seeks a judicial determination that it has no duty to defend, indemnify, pay, share in paying, or reimburse The Loft or Hall for the damages sought by Townsend because its policy precludes coverage for the injuries to Watkins. Compl. ¶¶ 1–2; Mot. at 2.

## II. ANALYSIS[2]

An insurer has a duty to provide a defense for a policyholder "[i]f the allegations of a third party against the policyholder even arguably come within the policy coverage." Am. Bumper &

---

[2] The standard of review applicable to a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same standard applicable to a motion to dismiss under Rule 12(b)(6). Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 511–512 (6th Cir. 2001). A motion for judgment on the pleadings should be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991). Courts must view the pleadings in the "light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." Com. Money Ctr., Inc. v. Ill. Union Ins. Co., 508 F.3d 327, 336 (6th Cir. 2007).

2

Mfg. Co. v. Hartford Fire Ins. Co., 550 N.W.2d 475, 481 (Mich. 1996).³ Nonetheless, a denial of coverage and the release of an insurer's duty to defend are appropriate where the express language of an insurance policy's exclusion of coverage is "clear and unambiguous in its application." Ill. Employers Ins. of Wausau v. Dragovich, 362 N.W.2d 767, 769 (Mich. Ct. App. 1984).

Covington argues in its motion for judgment on the pleadings that the "Assault and Battery" exclusion in its policy precludes coverage for Townsend's suit. Mot. at 2. This exclusion—contained in an endorsement to the policy—precludes coverage for any "claim" or "suit" that "aris[es] from actual or alleged 'assault' and/or 'battery.'" Policy at PageID.53.⁴ The policy defines "assault" and "battery" to include apprehension or harm arising out of "the distribution, demonstration, accidental discharge, gunsmithing, ownership, maintenance or use of firearms." Id. at PageID.54. The exclusion applies "regardless of the degree of culpability or intent," and "without regard to" factors including any alleged failure or fault of the insured party "in the hiring, training, supervision, retention or control of any person . . . ." Id. at PageID.53. The exclusion bars coverage if an assault or battery occurs at any step in the causal chain.⁵

Covington submits that all of the counts in Townsend's complaint "arise out of" an "assault" and "battery," including claims relating to Hall's discharge of the firearm and claims

---

³ The parties agree that Michigan law applies. See Suppl. to Mot. at 7–16; Loft Resp. at 9–17; Br. in Supp. Townsend Resp. at 3–11.

⁴ Courts interpreting Michigan law have found that "the term 'arising out of' is ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from' or in short, 'incident to or having a connection with.'" Kmart Corp. v. Fireman's Fund Ins. Co., 88 F. Supp. 2d 767, 773 (E.D. Mich. 2000) (punctuation modified, citations omitted).

⁵ Specifically, the exclusion applies if the injury arises out of (i) "any combination of an 'assault' or 'battery'-related cause and a non-'assault' or 'battery'-related cause"; (ii) "a chain of events which includes 'assault' or 'battery', regardless of whether the 'assault" or "battery' is the initial precipitating event or a substantial cause of injury'; or (iii) "'assault' or 'battery' as a concurrent cause of injury, regardless of whether the 'assault' or 'battery' is the proximate cause of injury." Policy at PageID.53–54.

3

relating to The Loft's allegedly negligent training, hiring, and supervision of its employees. Suppl. to Mot. at 10. Covington argues that the language of this exclusion is clear and unambiguous, thus barring coverage under the policy's explicit terms. Id. at 7 (citing Dragovich, 362 N.W.2d at 769) (affirming summary judgment for insurer and finding that its policy's "clear and unambiguous" assault and battery exclusion barred coverage for a suit in negligence based on alleged spray from a "gas ejecting device" and alleged physical contact with insured party's employees).

Defendants assert that issues of fact preclude a finding that the "assault and battery" exclusion bars coverage. The Loft Resp. at 11–13; Townsend Br. in Supp. Resp. at 5–7. As Defendants observe, the policy provided by Covington excludes coverage for "[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured," but this exclusion does not apply to "'bodily injury' resulting from the use of reasonable force to protect persons or property." Policy at PageID.34. Defendants argue that this language must be read to limit the applicability of the assault and battery exclusion to cases where there is no self-defense or defense of others; otherwise, the limitation on the "expected or intended injury" exclusion is rendered meaningless. The Loft Resp. at 12; Townsend Br. in Supp. Resp. at 7. Defendants conclude that the "only logical interpretation" is that the assault and battery exclusion applies except in cases of self-defense and the defense of others, and they submit that questions of fact are present regarding their contention that Hall was acting in self-defense and the defense of others when he fired his weapon. The Loft Resp. at 12–13; Townsend Br. in Supp. Resp. at 6–7.

The Court agrees with Covington that the assault and battery exclusion unambiguously bars coverage for Townsend's suit against The Loft and Hall based on injuries resulting from Hall's discharge of his firearm. The policy explicitly excludes coverage for suits arising from battery, which is defined to include "harm" arising out of "use of firearms." Policy at PageID.54.

4

There is no question of material fact as to the allegation in the pleadings that Watkin's death resulted from harm arising from Hall's use of a firearm. This exclusion provides a "clear and unambiguous" bar to coverage for all of Townsend's claims. Dragovich, 362 N.W.2d at 769.[6]

Despite Defendants' arguments to the contrary, there is no disharmony in an insurance policy that both (i) excludes coverage for assault and battery and (ii) excludes coverage for bodily injuries that are "expected or intended," except when the "expected or intended" bodily injuries result from the use of reasonable force to protect persons or property. These two exclusions apply to different circumstances. If an individual intends to defend other people and reasonably uses his or her fists to do so, then neither the "expected or intended" exclusion nor the "assault and battery" exclusion would bar coverage. However, if an individual discharges a firearm and harm results, then the plain language of the "assault and battery" excludes coverage, regardless of the intent of the shooter to protect himself or others and the reasonableness of his or her actions. The latter scenario describes the application of Covington's policy to Hall's actions in this case. Defendants cannot escape the fact that the policy explicitly excludes coverage for harms resulting from actions

---

[6] Covington correctly cites case law in support of its position that an "assault and battery" exclusion extends to bar coverage for negligent hiring, training, or supervision that results in an assault or battery. See Suppl. to Mot. at 8–9 (citing QBE Ins. Corp. v. Walters, 148 A.3d 785, 792 (Pa. 2016) (affirming summary judgment for insurer because assault and battery exclusion that extended to the "negligent hiring, employment, supervision, and training of any employee or agent who failed to prevent an assault from occurring" precluded coverage for negligence claim against bar following shooting of one patron by another patron); Essex Ins. Co. v. Fieldhouse, Inc., 506 N.W.2d 772, 775–776 (Iowa 1993) (affirming grant of summary judgment for insurer because the policy's exclusion for "negligent hiring, placement, training or supervision" that arose from assault and battery precluded coverage for negligence suit where bar patron struck another patron with glass beer pitcher); Coleman v. Acceptance Indem. Ins. Co., 369 Fed. Appx. 595, 596–598 (5th Cir. 2010) (affirming grant of summary judgment for insurer on claim for coverage for negligent suit against nightclub—arising from a firearm discharge inside the nightclub that hit and killed a patron—because the policy excluded coverage for claims arising out of assault and battery including those for "negligent hiring, placement, training, or supervision")). The harm asserted in these claims arises out of the "use of firearms."

5

like those taken by Hall. See Founders Ins. Co. v. Bentley Ent., LLC, No. 3:12-CV-01315, 2013 WL 3776311, at *11–14 (M.D. Tenn. July 17, 2013) (granting in part insurer's motion for judgment on the pleadings where assault and battery exclusion unambiguously barred coverage for suit in negligence against bar and in tortious assault against individual bar patron following discharge of firearm on bar dance floor).

Thus, viewing the pleadings in the "light most favorable to the nonmoving party" and "accept[ing] the well-pled factual allegations as true," the Court finds that the assault and battery exclusion bars coverage for all of Townsend's claims, and Covington is entitled to judgment as a matter of law. Com. Money Ctr. 508 F.3d at 336. [7]

### III. CONCLUSION

For the foregoing reasons, the Court grants the Court grants Covington's motion for judgment on the pleadings (Dkt. 20).

SO ORDERED.

Dated: April 21, 2022                   s/Mark A. Goldsmith
     Detroit, Michigan                    MARK A. GOLDSMITH
                                       United States District Judge

---

[7] Because the Court finds that coverage is barred based on the policy's "assault and battery" exclusion, the Court does not reach Covington's arguments that coverage is barred by the policy's "expected or intended injury" exclusion and the limitation of the policy's coverage to only "occurrence[s]." See Mot. at 2.